UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK STERNIK, | CASE NO. C22-1534 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| FUTURE MOTION INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 13.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 15), the Reply (Dkt. No. 16), and all supporting materials, the Court GRANTS the Motion and REMANDS this matter to King County Superior Court.

**BACKGROUND**

Plaintiff filed a lawsuit pursuing a claim of negligence against Defendant Future Motion, Inc. in King County Superior Court. (Dkt. No. 1-1.) Plaintiff alleges that he suffered injuries while operating a One Wheel device manufactured by Future Motion. He alleges that Future

Motion negligently designed and manufactured the device and failed to provide adequate warnings or instructions. (See Complaint ¶ 4.1.) In removing this action, Future Motion claims that there is diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are diverse and the amount in controversy exceeds $75,000. Future Motion believes the damages could exceed $75,000 because Plaintiff alleges he was severely and permanently injured. Plaintiff contends in his motion to remand that he has only incurred approximately $7,500 in medical special damages and that his damages will not exceed $60,000. (See Dkt. No. 13-1.)

## ANALYSIS

### A.  Legal Standard

A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotation omitted). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Id. And any doubts as to the right of removal must be resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

**B.      Inadequate Amount in Controversy**

Future Motion has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. As Plaintiff points out, he has incurred only approximately $7,500 in medical specials. So while he may have alleged a serious injury, there is no indication in the Complaint that the monetary damages necessary to compensate him for his injuries is significant. And he has demanded only $60,000 to resolve his claim, which is a strong indication that the amount in controversy does not exceed $75,000. Future Motion has not pointed to any other evidence that might indicate the amount here is likely to exceed the jurisdictional limit, and relies instead on a self-serving reading of the Complaint and conjecture. Here, the Court must resolve the doubts as to the amount in controversy in Plaintiff's favor. The Court therefore finds that the amount in controversy has not been shown to exceed $75,000 and that the Court lacks subject matter jurisdiction. The Court GRANTS the Motion and REMANDS this matter to King County Superior Court.

## CONCLUSION

The Court is not convinced that this case was properly removed, given the absence of sufficient evidence that the amount in controversy satisfies 28 U.S.C. § 1332. The Court therefore GRANTS the Motion and REMANDS this action to King County Superior Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 6, 2023.

Marsha J. Pechman
United States Senior District Judge